IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 4 2004

Michael N. Milby
Clerk of Court

LUIS ANTONIO HERNANDEZ
    Petitioner

v.

UNITED STATES OF AMERICA
    Respondent

Civ. No. **B-04   131**
USDC. No.: 1:03CR00172-001

### SUPPLEMENT TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW INTO COURT, Luis Antonio Hernandez, Petitioner, acting in Propia Persona, and respectfully files, for this Court consideration, this Supplement to Petitioner's Motion Pursuant to Title 28, United States Code, Section 2255.

### BACKGROUND

On March 11, 2003, a Federal Grand Jury in Brownsville, Texas, returned a two-count indictment charging Luis Antonio Hernandez and others with (1) Conspiracy to possess with intent to distribute a quantity, more than one hundred (100) kilograms, that is, approximately 720 kilograms (1583.6 pounds) of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 846.  (2) Possession with intent to distribute a quantity, more than one kilogram, that is, approximately 625 kilograms (1375 pounds) of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2.

Petitioner timely filed his Motion pursuant to Title 28, United States Code, Section 2255.

There has not been a determination on Petitioner's § 2255 Motion.

## ARGUMENT

I. **HERNANDEZ'S DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT AND SIXTH AMENDMENT RIGHT TO TRIAL BY JURY WERE VIOLATED WHEN HIS SENTENCE WAS ENHANCED THREE-LEVELS PURSUANT TO UNITED STATES SENTENCING GUIDELINES, SECTION 3B1.1(b), AS PRONOUNCED IN THE BLAKELY V. WASHINGTON CASE.**

Luis Antonio Hernandez's (hereinafter "Hernandez") sentence was enhanced three-levels pursuant to the dictates of the United States Sentencing Guidelines (hereinafter "USSG"), Section 3B1.1(b), for being a manager/supervisor in the offense.

Under USSG § 3B1.1(b), a defendant receives a three-level upward adjustment if he "played aggravating role in the concerted activity as he played an extensive part in the planning and organization of the offense. Pursuant to USSG §3B1.1(b), if the defendant was a manager and the criminal activity involved five (5) or more participants or was otherwise extensive."

**Rule 7(c)(1)** of the **Federal Rules of Criminal Procedure** requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense charge." Courts will normally find an indictment sufficient unless it fails to state a material element of the offense. **United States v. Cabrera-Teran,** 168 F.3d 1414, 144 **(5th Cir. 1999)** (indictment failing to allege defendant was "arrested," an element of the offense, invalid because facially deficient.).

The Constitutional rule announced in the **Apprendi v. New Jersey,** 120 S.Ct. 2348 (2000), decision rejects any sentencing enhancement to

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Luis Antonio Hernandez pray this Honorable Court to consider the issue presented herein, and vacate his sentence in the best interest of justice.

Done at Forrest City, Arkansas, on this 26th Day of July, 2004

Respectfully submitted,

*/s/ Luis Antonio Hernandez*
Luis Antonio Hernandez

## CERTIFICATE OF SERVICE

I hereby certify that I mailed an original and one copy of the foregoing Supplement to Petitioner's Motion Pursuant to Title 28, United States Code, Section 2255, via Certified Mail, on this 26th day of July, 2004, addressed to:

CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
P.O. BOX 2299
BROWNSVILLE, TEXAS 78522-2299

Luis Antonio Hernandez
82033-079   H-D
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336-9000