United States District Court
Southern District of Texas
FILED

MAR 0 4 2005

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LUIS ANTONIO HERNANDEZ
    Petitioner

v.

    Civil No. B-04-073
    Crim. No. B-03-172

UNITED STATES OF AMERICA
    Respondent

### REPLY TO GOVERNMENT'S RESPONSE TO HERNANDEZ'S MOTION PURSUANT TO 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Luis Antonio Hernandez, herein Petitioner, acting Pro-Se, and respectfully files his Reply to Government's Response to Hernandez's Motion Pursuant to 28 U.S.C. § 2255.

In support thereof, Petitioner shows as follows:

#### PROCEDURAL BACKGROUND

Luis Antonio Hernandez (hereinafter "Hernandez") entered a plea of guilty to the charge of possession with intent to distribute more than 100 kilograms of marijuana, a violation of 21 U.S.C. § 841(a)(1), on May 1, 2003. The Court imposed Hernandez's sentence on July 28, 2003: The district court remanded Hernandez into the custody of the Bureau of Prisons to serve a 78-month term of imprisonment and a five-year term of supervised release.

The judgment of conviction and sentence was entered on August 13, 2003. Four months later, on December 12, 2003, Hernandez filed a pro se notice of appeal. The United States Court of Appeals for the Fifth Circuit docketed the case under Case No. 03-41723, and dismissed it on January 7, 2004. On April 20, 2004, Hernandez filed a motion to vacate,

set aside, or correct sentence. The Government mailed a copy of their Response to Hernandez's Motion Pursuant to 28 U.S.C. § 2255 on or about October 21, 2004; however, he asserts that he never received a copy until on or about February 21, 2005.

1. **INEFFECTIVE ASSISTANCE OF COUNSEL**

   A. <u>**Counsel's Failure to Perfect an Appeal**</u>

   It is clear that to secure relief under a complaint for ineffective assistance of counsel, a § 2255 petitioner must show (1) counsel's performance was deficient and (2) prejudice. A criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." **<u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1993)** (quoting <u>**Strickland v. Washington**</u>, **466 U.S. 668, 687, 104 S.Ct. 2052 (1984).**

   In <u>**Roe v. Flores-Ortega**</u>, **528 U.S. 470, 120 S.Ct. 1029 (2000),** the Supreme Court held that counsel has a constitutional duty to consult with his client about an appeal. The Supreme Court rejected the **per se** rule used by some circuits that a lawyer is always obligated to file a notice of appeal or discuss the possibility of an appeal with the defendant. **<u>Roe</u>, 120 S.Ct. at 1035.** The Court first held that the well-known <u>**Strickland**</u> test would apply to counsel's failure to file a notice of appeal. For the "deficient performance prong" it created the new test of **"whether counsel in fact consulted with the defendant about an appeal."** <u>Id.</u> [emphasis added]. The Court even defined what it meant by "consulting":

2

"advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." **Id.** Then after consulting, if counsel fails to file a notice of appeal over the defendant's express instructions, it would be professionally unreasonable. **Id.** The Court ruled that, constitutionally, a lawyer has no per se duty to consult in every case. **Id. at 1036.** For instance, according to Justice O'Connor, consultation would not be required: (1) when the defendant pleaded guilty, the court informs the defendant of his appellate rights, the defendant never expresses any wishes or interest in an appeal, and counsel does not see any nonfrivolous claims to raise; or (2) when the court fully, clearly, and informatively tells the defendant of his appellate rights, counsel may not feel the need to repeat the information. See **Id.**

Hernandez contends that his counsel did not advise him of any advantages or disadvantages of filing a direct appeal. Moreover, Hernandez asserts that he told his attorney to file a notice of appeal on his behalf, for he wanted to appeal his sentence and conviction to the Fifth Circuit Court of Appeals. Hernandez contends that even if his attorney believed that he had nonfrivolous arguments, he should have followed Hernandez's request to file a notice of appeal and then, simply, request to the court to allow him to withdraw as his attorney and file an **Anders** brief. This would, at least, have given Hernandez the opportunity to file a pro-se brief with his arguments.

Furthermore, the government contends that his proposed arguments

which he intended to argue on direct appeal (i.e. adjustment of offense level for leadership role in the offense and failure to adjust the offense level for his compliance with the requirements of § 5C1.2) are demonstrably frivolous; however, if Hernandez's attorney would have filed a direct appeal on those grounds, he could have preserved them and possibly argue them based on the new decisions of **United States v. Fanfan,__U.S.___(2005) and United States v. Booker, ___U.S.___(2005).** In those cases, the Supreme Court declared the United States Sentencing Guidelines Unconstitutional, therefore, making any enhancement(s) Unconstitutional. In the instant case, Hernandez received an enhancement for his leadership role which was based on a Probation Officer's determination and not found, beyond a reasonable doubt, by a jury.

Hernandez's attorney should have filed the notice of appeal, as was his request. His actions were unprofessional and prejudiced the defendant.

### B. **Failure to Investigate**

Hernandez contends that his attorney failed to investigate and obtain information concerning the confidential informant (hereinafter "CI") used by the government in his case. Even if Hernandez's attorney would have been denied to the CI's entire file, he should have obtained any information available and subsequently retain a private investigator to see if there was any type of information that would have been beneficial to Hernandez's defense.

Hernandez also incorporates his full arguments as stated in his original § 2255 Motion.

Hernandez asserts that he could not have made an intelligent decision to plead guilty when his attorney did not investigate his case thoroughly. Hernandez did not know that the Probation Officer was going to recommend an enhancement for leadership role in the offense. In addition, counsel told Hernandez that he was going to get the benefit of the Safety-Valve, which he did not.

If the above failes to convince, one must concede bad faith.

### C. Need for Evidentiary Hearing

Hernandez contends that his arguments, especially his contention that his attorney failed to perfect an appeal, merit an evidentiary hearing.

Counsel's action of not filing the requested notice of appeal constitutes ineffective assistance of counsel as provided by the Sixth Amendment of the United States Constitution.

### CONCLUSION

**WHEREFORE, premises considered,** Hernandez pray this Honorable Court to grant him an evidentiary hearing to resolve the issues herein presented and to grant any other relief this Court deems appropriate.

Done this _27th_ day of February, 2005.

Respectfully submitted,

Luis Antonio Hernandez.
Reg. No. 82033-079